# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO VALENTINO,<br><br>                              Petitioner,<br>vs.<br><br>W.J. SULLIVAN, Warden, et al.<br><br>                              Respondents. | CASE NO. 12cv917-LAB (MDD)<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>[ECF No. 3] |

On April 13, 2012, Antonio Valentino ("Petitioner"), a state prisoner proceeding *pro se*, filed a federal Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Also on April 13, 2012, Plaintiff filed a Motion for Appointment of Counsel. (ECF No. 3). For the reasons provided below, the motion for appointment of counsel is **DENIED**.

"[T]here is no constitutional right to counsel on habeas." Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Counsel may be appointed for an impoverished habeas petitioner whenever 'the court determines that the interests of justice so require'. See Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (quoting 18 U.S.C. § 3006A(a)(2)).

Here, Petitioner moves for appointment of counsel because of his financial

1  status and because he has a history of mental illness.  Petitioner asserts that he "is
2  undergoing psychiatric treatment in a mental health setting."  (ECF No. 3.)  In
3  support of his motion, Petitioner attached several pages of medical records related to
4  his claims.  Id.  It does appear that Petitioner has suffered and may continue to suffer
5  with mental health issues.  Several reports indicate psychosis and depression in
6  Petitioner's past.  Id.  A report dated May, 21, 2010, describes Petitioner's intellectual
7  functioning as "subdued- somewhat slowed."  (Id. at 13.)  In what appears to be a
8  report from one month earlier in 2010, Petitioner's intellectual functioning was
9  marked as within normal limits.  (Id. at 20.) The relevance of these observations is
10 uncertain because both reports are more than two years old.

11       The Ninth Circuit has stated that "[a] party proceeding pro se in a civil lawsuit
12 is entitled to a competency determination when substantial evidence of incompetence
13 is presented." Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  The court of
14 appeals extended Federal Rule of Civil Procedure 17(c) to habeas corpus petitioners,
15 requiring federal courts to appoint a guardian *ad litem* to a party to a civil action who
16 is found incompetent.  Id.  In Allen, the petitioner provided written declarations
17 indicating that his mental illness impaired his ability to understand the instructions
18 of the court and a letter from the prison psychiatrist stating that the petitioner was
19 schizophrenic.  Id. at 1151.  The district court had dismissed the petitioner's case for
20 failure to prosecute, and the Ninth Circuit on appeal remanded for a determination of
21 petitioner's competence.

22       Petitioner has not demonstrated that his illness impairs his ability to
23 prosecute his case.  The instant motion, and a recently filed motion for an extension,
24 are coherent and demonstrate Petitioner's ability adequately to represent himself.
25 Nor is this case so complex that appointment of counsel may be necessary to prevent
26 due process violations.  *See* Chaney, 801 at 1191.

27       The Court finds that there is insufficient evidence that Petitioner may be
28 incompetent and finds that appointment of counsel is not necessary to prevent a

1 | violation of due process. Accordingly, Petitioner's Motion for Appointment of Counsel
2 | is **DENIED** without prejudice.
3 |     **IT IS SO ORDERED**.
4 | DATED: September 17, 2012

                                                  Hon. Mitchell D. Dembin
                                                U.S. Magistrate Judge