# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTONIO VALENTINO, | CASE NO. 12-CV-917-LAB-MDD |
|---|---|
| Plaintiff, | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| vs. | |
| W.J. SULLIVAN, | |
| Defendant. | |

In 2009, Valentino was convicted of special circumstances murder, attempted murder, attempted robbery, theft, and robbery, arising out of the armed robbery of a video store and the subsequent armed robberies and murder of a T&M Liquor store clerk. He was sentenced to life without parole and additional term of 31 years to be served consecutively.

On April 13, 2012, he filed the pending habeas petition, challenging his conviction on four grounds. It is really only two of those grounds that require substantive consideration, for reasons that will become clear below. The first is that the trial court erred by admitting evidence of an uncharged 2005 bank robbery (of a Wells Fargo) to establish Valentino's identity and intent with respect to the offenses charged. The second is that the trial court erred by admitting digitally enhanced photographs as evidence of his identity.

The petition was referred to Magistrate Judge Dembin for a Report & Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and

(d). Judge Dembin has issued his R&R, recommending that the petition be denied in its entirety. The R&R and Valentino's objections to it are now before the Court.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). See also 28 U.S.C. § 636(b). If no objection is made, however, this de novo determination isn't required. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc). Because Valentino is proceeding pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *See Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). That said, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987).

**I.     Admission of Uncharged Wells Fargo Robbery**

Under California's Evidence Code, as under the Federal Rules of Evidence, evidence of a person's character or other acts is inadmissible "when offered to prove his or her conduct on a specified occasion." Cal. Evid. Code § 1101(a). That prohibition doesn't apply, however, to evidence of character or other acts that's used to prove facts such as "motive, opportunity, intent, preparation, plan, knowledge, identity, [or] absence of mistake or accident." Cal. Evid. Code § 1101(b). It just can't be used to prove his "disposition to commit" the charged offense. *Id.* Even if character or other acts evidence is admissible under § 1101, however, it can still be excluded if "its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." Cal. Evid. Code § 352.

At Valentino's trial, the judge admitted into evidence an uncharged, August 2005 armed robbery of a Wells Fargo bank under § 1101. He did so on the understanding that it established Valentino's identity and intent, with this explanation:

> I find and conclude that this uncharged act, and this one alone, will be admissible in this trial. So that I can be very clear, the

> uncharged act that formed the basis of count 9 in the bank robbery case—this was the Wells Fargo bank robbery on August 29th—is admissible as an uncharged act. I find it admissible against both defendants, and I find it can be used to show identity and intent to aid and abet with respect to counts 1 and 3 in this case. It's identity as to counts 1 and 3, and I will appropriately limit the jury instructions upon the request of counsel that that occur.
>
> But, I think this act meets the Hovarter/Ewoldt degree of similarity required to prove identity. Not common plan or scheme. Identity. This goes beyond common plan and scheme. This is identity. And I think it's also admissible to show their joint action and intent to aid and abet, which also goes to identity on those counts. (R&R at 18–19.)

There were two grounds on which Valentino could have objected to this evidence coming in. The first was that it's simply not proper identity or intent evidence in the first instance; the second was that even if it is, it should have still been excluded under § 352 as unduly prejudicial. The R&R suggests that Valentino objected—and still objects—primarily on the latter ground. (R&R at 23:2–4.)

As the R&R explains, the California Court of Appeal agreed that the evidence was admissible as to intent and identity, but that even if it wasn't admissible as to identity and no limiting instruction to that effect was given, the error was harmless. Of course, the question on federal habeas review isn't whether that analysis was wrong, because "[i]ncorrect state court evidentiary rulings cannot serve as a basis for federal habeas relief unless federal constitutional rights are affected." *Lincoln v. Sunn*, 807 F.2d 805, 816 (9th Cir. 1987). *See also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Valentino's claim and the objection he has filed seem to recognize that, but he fails to explain how the prejudice he alleges rises to the level of a constitutional defect. He just asserts that it does.

Even more to the point, the law is simply against him. Habeas relief is only available when a state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Unfortunately for Valentino, the Supreme Court "has not yet made a clear ruling that admission of irrelevant or overtly prejudicial evidence constitutes a due process violation sufficient to warrant issuance of the

writ." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). That simply means, as another court has put it, that "habeas relief is not available . . . for the admission of irrelevant or overly prejudicial evidence." *Brown v. Grounds*, 2014 WL 4076393 at *6 (N.D. Cal. Aug. 18, 2014). *See also Segundo-Villa v. California Dep't of Corrections*, 2014 WL 4105105 at *6 n.3 (C.D. Cal. Aug. 18, 2014) ("Likewise, no Supreme Court precedent has made clear that admission of overly prejudicial evidence can constitute a due process violation warranting habeas corpus relief.").

For these reasons, the Court cannot find that the Court of Appeal's analysis was contrary to or an unreasonable application of clearly established federal law. Valentino's objection to the R&R's treatment of his first claim is **OVERRULED**, and the claim is **DENIED**.

## II. Admission of Digitally Enhanced Photographs

An investigative technician with the San Diego District Attorney's Office was able to create and enlarge digital still images of the T&M Liquor store incidents from VHS surveillance videotapes, using the computer program Adobe Photoshop. The images were used against Valentino at trial, over his objections, even though the original still images, not enlarged, had been introduced with no objection.

The objection was multi-layered. Valentino argued that the technician's process for creating the still images was novel, and that the admissibility of the images was therefore subject to the test articulated in *People v. Kelly*, 17 Cal.3d 24 (Cal. 1976). He also argued that the technician was an expert whose testimony wasn't disclosed, and sought the exclusion of the evidence as a remedy or sanction for that alleged discovery violation. He argued, as he does now, that the photos were admitted with insufficient foundation. The trial judge agreed that the technician's testimony was expert testimony and should have been disclosed, but he also found the technician's method not to be novel that a *Kelly* hearing was necessary. He declined to sanction the prosecution, either by excluding the expert testimony or instructing the jury of the prosecution's failure to disclose it, but he allowed Valentino's counsel time to retain an expert of his own to challenge the testimony. (R&R at 27–28.) On habeas review, the Court of Appeal found this was acceptable. Specifically, it found that

Valentino was not entitled to the exclusion of the testimony as a discovery sanction, that the admission of digitally enhanced photographs is a common practice obviating the need for a *Kelly* hearing, and that a proper foundation was laid for the photographs. Valentino challenges all of those conclusions now.

Here, again, Valentino's habeas claim runs into the problem posed by the AEDPA-mandated standard of review. The question isn't whether the trial judge mis-applied California's own evidentiary rules, but whether his application was contrary to "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Valentino seems to be aware of this, even though in his objections he accuses the trial court of an abuse of discretion, but his argument couldn't be more conclusory. He simply disagrees with the decision of the trial judge and the California Court of Appeal, and then claims the error is of constitutional significance. (*See* Obj. at 6–8.) That is inadequate. Even assuming the trial court and the Court of Appeal somehow misapplied California law, there is still nothing in Valentino's arguments that rises to the level of violating clearly established federal law as articulated by the Supreme Court. His objection to the R&R's treatment of his first claim is **OVERRULED**, and the claim is **DENIED**.

### III. Cumulative Effect

Because the Court finds no constitutional errors of any kind in Valentino's conviction, his cumulative error claim necessarily fails. *See Hayes v. Ayers*, 632 F.3d 500, 524 (9th Cir. 2011) ("Because we conclude that no error of constitutional magnitude occurred, no cumulative prejudice is possible.") (citing *United States v. Larson*, 460 F.3d 1200, 1217 (9th Cir. 2006)). The objection is **OVERRULED**, and the claim is **DENIED**.

### IV. Saibu's Claims

Valentino says in his habeas petition "Petitioner hereby joins and adopts by reference all issues and arguments raised in any petition filed in this Court by co-defendant Saibu that might accrue to Petitioner's benefit." (Pet. at 23.) His authority for this appears to be California Rule of Court 8.200(a)(5), which allows that "[i]nstead of filing a brief, or as part of its brief, a party may join in or adopt by reference all or part of a brief in the same or a

1 | related appeal." As the R&R explains, however, that Rule of Court is inapplicable in a
2 | federal habeas case. Valentino must himself assert all of the claims he wishes to bring.
3 | Habeas Rule 2(c) requires that a petition: (1) specify all grounds of relief available to the
4 | Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. *See*
5 | *Bryson v. Copenhaver*, 2014 WL 3563400 at *1 (E.D. Cal. July 18, 2014). In his objection,
6 | Valentino cites two cases on joinder, but those cases speak to the joinder of defendants for
7 | a criminal trial itself; they say nothing about the joinder of separate habeas petitions seeking
8 | collateral post-conviction relief. *See United States v. Matta-Ballesteros*, 71 F.3d 754, 771
9 | (9th Cir. 1995); *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995). Valentino's wish
10 | to adopt all of Saibu's habeas claims is **DENIED**, and his objection to the R&R is
11 | **OVERRULED**.

**V.    Conclusion**

The Court **ADOPTS** the R&R in its entirety and **DENIES** Valentino's petition for writ of habeas corpus. It also denies him a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED**.

DATED:  August 26, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge